IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Theodore Wagner, | C/A No.: 3:13-708-GRA-JRM |
| Plaintiff, | |
| vs. | REPORT AND RECOMMENDATION |
| President Barack Obama; Attorney Ann Walsh; Judge Michael Duffy; United States of America; and Persons Names and Unnamed in their Official and Personal Capacity, | |
| Defendants. | |

Plaintiff, proceeding *pro se* and *in forma pauperis*, brings this civil action alleging a violation of his constitutional rights by the federal government and employees or officials thereof. Pursuant to the provisions of 28 U.S.C. §636(b)(1), and Local Civil Rule 73.02(B)(2) (D.S.C.), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge. For the reasons that follow, the undersigned recommends the district judge dismiss the complaint in this case without prejudice and without issuance and service of process.

I.      Factual and Procedural Background

Plaintiff alleges "that all persons named and unnamed" in the complaint have "enabled an ongoing conspiracy against [] the commanded protection of the right of the people peaceably to petition the government" for a redress of grievances under the First Amendment, and have facilitated and enabled "an ongoing conspiracy of Malicious Prosecution which started on or before Feb. 2002." ECF No. at 1. Plaintiff first discusses

oaths allegedly taken by President Barack Obama and Judge Michael Duffy. *Id.* at 5–6. Plaintiff claims that the Supremacy Clause and "Oaths to defend the integrity of the U.S. Constitution and the commanded protection of the First Amendment are clear and unambiguous," making it unconstitutional and unlawful to enforce the Antiterrorism and Effective Death Penalty Act ("AEDPA"), Prison Litigation Reform Act ("PLRA"), habeas statutes 28 U.S.C. §§ 2241 and 2255, the Federal Tort Claims Act ("FTCA"), and "many more unconstitutional laws . . . used to facilitate this ongoing conspiracy." *Id.* at 6–7. Plaintiff alleges that the "commanded protection of the right of petition our grievances is the most important safety in the Constitution" and protects the people "from the government['s] unconstitutional quest for power." *Id.* at 16–17. Plaintiff discusses how precedents "are dangerous because they are used by the courts to oppress rights and privileges protected by the Constitution," and claims that "Judges and Justices," and "[e]veryone from President Obama down to the last Magistrate Judge . . . have been complicit or enabled this ongoing conspiracy to flourish." *Id.* Plaintiff states that the First Amendment "voided all right Congress had in the original Constitution to make laws respecting the right for a redress (relief or remedy) of grievences [sic]," including "oppression of the privilage [sic] of Habeas Corpus and the right to sue a telecommunications company that assist the National Security Agency with warrantless eavesdropping." *Id.* at 24. Plaintiff refers to petitions mailed to Defendant Obama in 2008 and 2009, "asking for help" regarding an "ongoing conspiracy of oppression." *Id.*; *see also id.* at 27–29, 32–36, 39–40, 43–45. Plaintiff received no reply to his letters and

alleges that Defendant Obama's failure to protect the integrity of the First Amendment demonstrates a violation of his oath of office and "implied consent to aid in and further the ongoing conspiracy to deny the commanded protection of the right to petition" the government. *Id.* at 29. Plaintiff indicates that he filed petitions in the Fourth Circuit Court of Appeals regarding Defendant Obama's failure to take action. *Id.* at 29–31, 37–38, 41–42. Plaintiff complains that it became clear "that the judges, all the judges of the Fourth Circuit, were complicit or enabling this ongoing conspiracy to exist." *Id.* at 38.

The complaint next alleges that "Attorney Ann Walsh, acted as Plaintiff's "Public Pretender," and refused to challenge warrants or obtain Plaintiff's "will from the government, and many other things that would have put the truth on the record." *Id.* at 46. Plaintiff complains that Defendant Walsh "repeatedly tried to force [a victim] to be a witness for the prosecution," and allegedly failed to tell Plaintiff the truth about matters in his case. *Id.* at 46–47. Plaintiff claims Defendant Walsh's representation constituted ineffective assistance of counsel and "enabled the ongoing conspiracy." *Id.* at 48. Plaintiff states, "before I was sentenced, I petitioned to take my plea back I was blackmailed to make." *Id.* at 49. The complaint indicates that a "replacement lawyer," Andy Savage, also failed to properly defend Plaintiff, thus, requiring him to defend his own constitutional rights on April 21, 2003. *Id.* at 49, 55.

Plaintiff complains that Defendant Judge Michael Duffy failed "to defend the integrity of the Constitution from oppression for all persons equally" *id.* at 55, and

3

"refused to honor his oath of office to defend the integrity of the U.S. Constitution," having "full knowledge that Ann Walsh refused to take up [Plaintiff's] argument or champion [Plaintiff's] cause." *Id.* at 56–57.  Plaintiff alleges that he began "challenging this ongoing conspiracy to oppress the Privilege of the Writ of Habeas Corpus" in 2004, *id.* at 58, however, Defendant Duffy "repeatedly used his power and authority to facilitate or enable this ongoing conspiracy against the U.S. Constitution to flourish." *Id.* at 59. Plaintiff filed a Petition for Writ of Mandamus in the Fourth Circuit Court of Appeals "to compel Judge Duffy to perform a purely ministerial duty," to no avail. *Id.* at 60.  Thus, Plaintiff believes the Fourth Circuit Court of Appeals also enabled "this ongoing conspiracy." *Id.* The complaint then discusses prior cases filed by Plaintiff in various federal courts, *id.* at 61–72, and indicates that Plaintiff will "clarify this complaint and damages in future supplements." *Id.* at 73.

Plaintiff's complaint alleges jurisdiction under 28 U.S.C. § 1657 for preliminary injunctive relief. *Id.* at 3.  Plaintiff additionally filed a separate motion for preliminary injunction.  ECF No. 3.  Plaintiff's motion asks this Court to "halt the oppression of protected Constitutional Rights which will happen on this day, Monday March 18, 2013 if this court does not order a Preliminary Injunction of the Sex Offender Registry in my case." *Id.*  at 1.  The motion claims that Plaintiff has "been denied the commended protection of the Right for a Redress of grievences [sic] in the First Amendment as to facilitate the ongoing complicity or enabling of an ongoing conspiracy of Malicious Prosecution which started on or before February 2002." *Id.*

4

II.     Discussion

A. Standard of Review

Plaintiff filed this complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A claim based on a meritless legal theory may be dismissed *sua sponte* under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989); *Allison v. Kyle*, 66 F.3d 71, 73 (5th Cir. 1995).

*Pro se* complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. *Merriweather v. Reynolds*, 586 F. Supp. 2d 548, 554 (D.S.C. 2008). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Nevertheless, the requirement of liberal construction does not

5

mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390-91 (4th Cir. 1990).

### B. Analysis

#### 1. Claims alleging constitutional violations

Plaintiff is bringing suit against the United States, the President of the United States, a federal district court judge, a federal public defender and various "Persons Named and Unnamed in their Official and Personal Capacity." As such, Plaintiff's constitutional claims are evaluated under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 397 (1971), which established a direct cause of action under the United States Constitution against federal officials for the violation of federal constitutional rights. *See Carlson v. Green*, 446 U.S. 14, 18 (1980) (victims of a constitutional violation perpetuated by a federal actor may sue the offender for damages in federal court despite the absence of explicit statutory authorization for such suits); *see also Holly v. Scott*, 434 F.3d 287, 289 (4th Cir. 2006). A *Bivens* claim is analogous to a claim brought against state officials under 42 U.S.C. § 1983, therefore, caselaw involving § 1983 claims is applicable in *Bivens* actions, and vice versa. *See Harlow v. Fitzgerald*, 457 U.S. 800, 814–20 n. 30 (1982).

##### a. United States of America

Under the principle of sovereign immunity, individuals may not sue the United States or its agencies without their consent. *See FDIC v. Meyer*, 510

U.S. 471, 484–86 (1994) (declining to extend *Bivens* to permit suit against a federal agency); *Global Mail Ltd. v. U.S. Postal Serv.*, 142 F.3d 208, 210 (4th Cir. 1998) (federal governmental entity entitled to sovereign immunity unless Congress waives that immunity and consents to suit). Therefore, Plaintiff's claims against the United States are subject to summary dismissal.

### b. President Barack Obama and Judge Michael Duffy

Plaintiff alleges that President Barack Obama violated his oath to "preserve, protect and defend the Constitution of the United States," by failing to respond to Plaintiff's numerous letters and petitions. ECF No. 1 at 6, 29. Plaintiff also alleges that District Court Judge Michael Duffy violated an oath "to defend the integrity of the Constitution from oppression for all persons equally," *id.* at 55, by ruling against Plaintiff at hearings and allowing Plaintiff's attorney to refuse "to take up [Plaintiff's] argument." *Id.* at 56. The United States Supreme Court has recognized the defense of "absolute immunity" for "officials whose special functions or constitutional status requires complete protection from suit." *Harlow v. Fitzgerald*, 457 U.S. 800, 807 (1982). Included in this list are "legislators, in their legislative functions . . . judges, in their judicial functions . . . and the President of the United States." *Id*. (citations omitted); s*ee also Hafer v. Melo*, 502 U.S. 21, 29 (1991). As Plaintiff names President Barack Obama and Judge Michael Duffy for actions taken in their official capacities, these Defendants are protected by absolute immunity and are entitled to dismissal from this suit. *See Nixon*

7

*v. Fitzgerald*, 457 U.S. 731 (1982) (presidential immunity); *Stump v. Sparkman*, 435 U.S. 349 (1978) (judicial immunity).

### c. Attorney Ann Walsh

The complaint further claims that a federal public defender, Ann Walsh, provided ineffective assistance as counsel in Plaintiff's criminal proceedings. ECF No.1 at 46. To state a cause of action under 42 U.S.C. § 1983 or, by analogy, the *Bivens* doctrine, a plaintiff must allege that: (1) the defendants deprived him of a federal right, and (2) did so under color federal law. *See Gomez v. Toledo*, 446 U.S. 635, 640 (1980); *see also Bivens*, 403 U.S. at 392. However, an attorney, whether retained, court-appointed, or a public defender, does not act under color of state law or federal law, which is a jurisdictional prerequisite for any civil action brought under § 1983/ *Bivens*. *See Polk County v. Dodson*, 454 U.S. 312, 317–24 nn. 8–16 (1981) (public defender); *Hall v. Quillen*, 631 F.2d 1154, 1155–56 nn. 2–3 (4th Cir. 1980) (court-appointed attorney); *Deas v. Potts*, 547 F.2d 800 (4th Cir. 1976) (private attorney). Thus, as a federal public defender, Defendant Walsh is not amenable to suit under the *Bivens* doctrine, and is entitled to summary dismissal from this case.

### d. Persons Named and Unnamed

Plaintiff lists "Unnamed" persons in the complaint's caption, who allegedly facilitated "an ongoing conspiracy to oppress and therefore to deprive rights . . . under the U.S. Constitution." ECF No. 1 at 1–2. A plaintiff must affirmatively show that a defendant acted personally in the deprivation of his or her constitutional

rights. *Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977). When a complaint contains no personal allegations against a defendant, that defendant is properly dismissed. *See Key v. Miano,* C/A No. 1:11-1613-DCN-SVH, 2012 WL 2263352, at *2 (D.S.C. Jun. 15, 2012)*; Jones v. McNair*, C/A No. 3:11-3347-RBH-PJG, 2011 WL 7070524, at *2 (D.S.C. Dec. 22, 2011). The instant complaint fails to identify or provide any personal allegations concerning the "Unnamed" individuals listed in this case.

Further, an alleged conspiracy, under 42 U.S.C. § 1983 or 42 U.S.C. § 1985, must be pled and proved by concrete facts, not mere conclusory allegations. *Simmons v. Poe*, 47 F.3d 1370, 1376–77 (4th Cir. 1995); *Buschi v. Kirven*, 775 F.2d 1240, 1248 (4th Cir. 1985). Additionally, the Supreme Court has held that, to establish a federal conspiracy claim under § 1985, a plaintiff must show that the alleged conspiracy is motivated by "some racial, or perhaps otherwise class-based invidiously discriminatory animus." *Griffin v. Breckenridge*, 403 U.S. 88, 102 (1971); *see also Trerice v. Summons*, 755 F.2d 1081, 1085 (4th Cir. 1985). Plaintiff claims that the "Unnamed" persons in this complaint contributed to a conspiracy to maliciously prosecute Plaintiff and deny him the constitutional right to petition the government for redress. ECF No. 1 at 1. However, speculation and conjecture are insufficient to demonstrate a conspiratorial agreement and the complaint provides no facts to show that the "Unnamed" Defendants came to any mutual understanding or acted "jointly in concert" to deprive Plaintiff of any constitutional right. *See Hinkle v. City of Clarksburg, W.Va*, 81 F.3d 416, 421 (4th Cir. 1996); *see also Ruttenberg v. Jones*, No. 07-1037, 2008 WL 2436157, at *8 (4th Cir. June

9

17, 2008). Plaintiff also fails to establish any discriminatory motive on the part of the "Unnamed" Defendants. Thus, to the extent Plaintiff alleges a cause of action for conspiracy arising under 42 U.S.C. § 1983 and/or § 1985 against "Unnamed" Defendants, his claim must fail.

### 2. Prior cases in this court

It is noted that Plaintiff has unsuccessfully filed previous cases in this court against the United States, claiming that he has been denied the First Amendment right to petition the government for redress of his grievances. *See Wagner v. United States*, 3:08-3235-GRA (D.S.C. Jan. 13, 2009) (summarily dismissed without prejudice); *Wagner v. United States*, C/A No. 3:08-2176-GRA (D.S.C. July 14, 2008) (summarily dismissed without prejudice); *Wagner v. United States*, C/A No. 3:06-2838-PMD (D.S.C. Jan. 16, 2007) (summarily dismissed without prejudice). As the issues involved in the complaint *sub judice* have been addressed in Plaintiff's prior cases, this complaint is also subject to summary dismissal as a duplicative, frivolous filing. *See Cottle v. Bell*, No. 00-6367, 2000 WL 1144623, at *1 (4th Cir. Aug. 14, 2000) ("Because district courts are not required to entertain duplicative lawsuits, they may dismiss such suits as frivolous pursuant to § 1915(e)."); *Aloe Creme Labs., Inc. v. Francine Co.*, 425 F.2d 1295, 1296 (5th Cir. 1970) ("The District Court clearly had the right to take notice of its own files and records and it had no duty to grind the same corn a second time. Once was sufficient.").

3. Motion for preliminary injunction

Plaintiff seeks a preliminary injunction to "halt the oppression of protected constitutional rights which will happen on this day, Monday, March 18th 2013 if this court does not order a preliminary injunction of the Sex Offender Registry in my case." ECF No. 3 at 1. A preliminary injunction is an extraordinary and drastic remedy, which is never awarded as of right. *Munaf v. Geren*, 553 U.S. 674, 689–90 (2008). A party seeking a preliminary injunction must establish all four of the following elements: (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest. *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008); *Dewhurst v. Century Aluminum Co.*, 649 F.3d 287, 290 (4th Cir. 2011). A plaintiff must make a clear showing that he is likely to succeed on the merits of his claim. *Winter*, 555 U.S. at 22. Similarly, he must make a clear showing that he is likely to be irreparably harmed absent injunctive relief. *Id.* at 20–22. Only then may the court consider whether the balance of equities tips in the party's favor. Finally, the court must pay particular regard to the public consequences of employing the extraordinary relief of injunction. *Id.* at 24.

In the instant case, Plaintiff is unable to show that there is a likelihood that he will succeed on the merits of his claims. As indicated above, Plaintiff has brought similar claims before this court, without success. Plaintiff alleges that forcing him to register with the Sex Offender Registry will oppress his civil liberties, but provides no further

11

information or any specifics on how he will be irreparably harmed if such registration is allowed to proceed.  ECF No. 3 at 1, 8.  Plaintiff fails to meet his burden of proving that the balance of equities tips in his favor and fails to address the extent of the potential harm to Defendants if the motion for preliminary injunction were granted.  With regard to the public interest, Plaintiff cites only the general public right to redress grievances pursuant to the First Amendment.  Because Plaintiff has not demonstrated a likelihood of success on the merits or more than a possibility of irreparable harm, and because the balance of the equities and the public interest involved do not warrant the extraordinary remedy of injunctive relief, Plaintiff's motion for preliminary injunction should be denied.

  III. Conclusion

For the foregoing reasons, it is recommended that this case be dismissed without prejudice and without issuance and service of process.  It is further recommended that the motion for preliminary injunction (ECF No. 3) be denied.

  IT IS SO RECOMMENDED.

April 15, 2013              Joseph R. McCrorey
Columbia, South Carolina         United States Magistrate Judge

**The parties are directed to the important notice on the next page.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).