UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Theodore Wagner, | ) | C/A No.: 3:13-cv-00708-GRA |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | (Written Opinion) |
| President Barack Obama; Attorney | ) | |
| Ann Walsh; Judge Michael Duffy; | ) | |
| United States of America; and | ) | |
| Persons Named and Unnamed, in their | ) | |
| Official and Personal Capacity, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This matter comes before the Court for review of United States Magistrate Judge Joseph R. McCrorey's Report and Recommendation filed on April 15, 2013, and made in accordance with 28 U.S.C. § 636(b)(1) and Local Rule 73.02(B)(2), District of South Carolina. Plaintiff Theodore Wagner ("Plaintiff"), proceeding *pro se* and *in forma pauperis*, commenced this civil action on March 18, 2013. In the Complaint, Plaintiff alleges that Defendants President Barack Obama, Attorney Ann Walsh, Judge Michael Duffy, the United States of America, and Persons Named and Unnamed, in their Official and Personal Capacity ("Defendants"), have conspired to violate his constitutional rights. ECF No. 1. Plaintiff also moves for "a preliminary injunction of the Sex Offender Registry in my case." ECF No. 3. Magistrate Judge McCrorey recommends that this Court dismiss Plaintiff's Complaint against Defendants without prejudice and without issuance and service

of process. The Magistrate Judge further recommends that this Court deny Plaintiff's Motion for a Preliminary Injunction. Plaintiff filed untimely objections to the Report and Recommendation on May 8, 2013. For the reasons stated herein, this Court adopts the magistrate's recommendation in its entirety.

## Standard of Review

Petitioner brings this claim *pro se*. This Court is required to construe *pro se* pleadings liberally. Such pleadings are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). This Court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *Boag v. MacDougall*, 454 U.S. 364, 365 (1982).

The magistrate makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id*. In the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198 (4th Cir. 1983). Moreover,

the failure to object waives appellate review.  *Wright v. Collins*, 766 F.2d 841, 845–46 (4th Cir. 1985).

## **Discussion**

Upon review, the Court finds that Plaintiff's objections are without merit. Plaintiff first alleges that "the Court knowingly uses its authority to oppress redress." Pl.'s Objection to Report & Recommendation 1, ECF No. 17.  In support of this argument, Plaintiff states that he is homeless and that the only way he can afford to file motions is to physically go to the courthouse. *Id.*  Plaintiff also argues that Magistrate Judge McCrorey oppressed his "First Amendment right to petition for a redress by telling me to use only the very center of the paper." *Id.*  The Court concludes that these objections are unrelated to the dispositive portion of the magistrate's Report and Recommendation and are thus without merit.

Second, Plaintiff argues that the magistrate improperly relied upon 28 U.S.C. § 1915 in the Report and Recommendation.  Pl.'s Objection to Report & Recommendation 2, ECF No. 17.  Plaintiff contends that the statute is unconstitutional and cannot be used to dismiss his claims, because he challenged the constitutionality of 28 U.S.C. § 1915 in the Complaint. *Id.*

Pursuant to 28 U.S.C. § 1915, a litigant may commence a civil action in district court without paying the requisite filing fees, if he states in an affidavit that he cannot afford them. *See Neitzke v. Williams*, 490 U.S. 319, 324, 109 S. Ct. 1827 (1989), *superseded by statute on other grounds* as stated in *Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000).  As the public bears the cost of these

lawsuits, litigants proceeding *in forma pauperis* "lack[] an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Id.* Under 28 U.S.C.A. § 1915(e)(2), courts may dismiss such an action *sua sponte* upon a finding that the action is "frivolous." *Id.* The Supreme Court has held that "a complaint, containing as it does both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law or in fact." *Id.* at 325. In this case, Plaintiff is proceeding *in forma pauperis* and is thus subject to the § 1915(e)(2) screening. *See Michau v. Charleston Cnty.*, 434 F.3d 725, 728 (4th Cir. 2006) ("Under 28 U.S.C.A. § 1915(e), which governs IFP [*in forma pauperis*] filings in addition to complaints filed by prisoners, a district court must dismiss an action that the court finds to be frivolous or malicious or that fails to state a claim."). Thus, Magistrate Judge McCrorey properly relied on 28 U.S.C.A. § 1915(e), and Plaintiff's objection is overruled.

Finally, Plaintiff alleges that he did not receive notice of the Report and Recommendation until May 6, 2013, four days after objections to the Report and Recommendation were due. Pl.'s Objection to Report & Recommendation 2–3, ECF No. 17. He argues that he should have been e-mailed a copy, because he is homeless. *Id.* The Court has addressed the objections even though they were untimely filed; thus, this objection is without merit and is overruled.

In conclusion, after a thorough review of the record, this Court finds that Magistrate Judge McCrorey's Report and Recommendation accurately summarizes this case and the applicable law. Accordingly, the Report and Recommendation is

accepted and adopted in its entirety.

**IT IS THEREFORE ORDERED** that Plaintiff's Complaint is DISMISSED without prejudice and without issuance and service of process.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for a Preliminary Injunction is DENIED.

**IT IS SO ORDERED.**

G. Ross Anderson, Jr.
Senior United States District Judge

May 29, 2013
Anderson, South Carolina

## NOTICE OF RIGHT TO APPEAL

Plaintiff has the right to appeal this Order within thirty (30) days from the date of the entry of this Order, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure. Failure to meet this deadline, as modified by Rule 4 of the Federal Rules of Appellate Procedure, will waive the right to appeal.